# ROCKINGHAM,

## DECEMBER TERM, A. D. 1855.

PRESCOTT & a. v. DUDLEY NORRIS & GEORGE R. NORRIS.

Infancy is a good defence to an action on the case for deceit and false warranty in the sale of goods.

The buyer of spirituous liquors sold without license, in violation of the statute which inflicts a penalty on the seller, may maintain an action on the case for a deceit and false warranty in the sale, if at the time when he bought he had no notice that the sale was made without license.

CASE for deceit and false warranty in the sale of two barrels of gin, warranted to be pure, and like a sample exhibited — and of a barrel of pork warranted to contain two hundred pounds. The defendants are described in the writ as late copartners in trade, under the name of George R. Norris & Co. The defendants severally pleaded the general issue, and George R. Norris also pleaded infancy at the time of the sale, upon which issue was joined.

On the trial it was in evidence from the testimony of John H. Prescott, either upon his direct or upon his cross-examination, that in June, 1853, the defendants kept a shop in Epping, for the retail of goods of various kinds, and wished to sell their stock of goods and relinquish their business to the plaintiffs.

That the plaintiffs then agreed with the defendants to purchase their whole stock, at its cost in Boston, and to pay one half in cash, and one half in notes on three and six months, with the design of continuing the trade and business. That upon pro-

ceeding to take an account of the goods, they took an account of part of the goods which were above the cellar, and then examined those in the cellar, a part of which consisted of spirituous liquors. The cost of each article was carried out, and those in the cellar amounted to a little less than three hundred dollars ; that Dudley Norris refused to sell those on credit, and the parties then agreed that the plaintiffs should have all the goods in the cellar for three hundred dollars cash, which sum was paid to Dudley Norris by Jonathan Prescott, and a bill thereof was made and receipted by the defendants to the plaintiffs. The gin and the pork in question were part of these goods in the cellar. The parties then completed the invoice of the goods above the cellar, and closed the sale.

John H. Prescott, a witness called by the plaintiffs, on cross-examination testified that each of the plaintiffs paid at the time of the sale, in cash, one quarter of the whole amount of the sales, and that the plaintiffs gave their notes for one half of the amount.

Afterwards, and while the defendants were putting in their evidence, John H. Prescott applied to the court for leave to correct an error in his testimony, but upon the defendants declining to give way for this purpose, the matter was deferred till the defendants had closed their evidence.

After the witness had made this application, the defendants offered a receipted bill of the goods above the cellar, in the handwriting of Pike, one of the plaintiffs, to show that the payment made for the goods above the cellar was different from what the witness had testified, in this, viz., that notes were given for three quarters of the whole amount of sales ; to the admission of which evidence, for the purpose of contradicting the witness, the plaintiffs objected, and the same was denied, and the defendants excepted. John H. Prescott being allowed to correct his testimony, said that he was mistaken in saying that Pike paid in cash for one quarter of the amount of the sales ; that not having the money, he gave his note for one quarter for a few days ; about a week, he believed.

When the plaintiffs had closed their evidence, the defendants proved that at the time of the sales they had no license to sell spirituous liquor, and they then moved that the plaintiffs be nonsuit, which motion the court denied, it not appearing that the plaintiffs were aware at the time that the defendants had no license.

The plaintiffs sold one barrel of the gin to Reuben A. Prescott, a witness called by the plaintiffs, as pure gin. He discovered the defect in it, and demanded and received of the plaintiffs an allowance therefor.

It was admitted that George R. Norris was a minor at the time of the sales.

For the purposes of this trial the court instructed the jury not to consider the question of infancy on the general issue. The jury rendered a verdict against both defendants on the general issue, and on the issue of infancy in favor of George R. Norris.

George R. Norris moves for judgment, and that he be discharged, and the defendants move that the verdict rendered upon the general issue be set aside, and in arrest of judgment for the aforesaid alleged errors and rulings.

*Marston & Bell,* for the plaintiffs.

*Shapleigh,* for the defendants.

PERLEY, C. J. If the tort or fraud of an infant arises from a breach of his contract, although he may have been guilty of false representations or concealments respecting the subject matter of the contract, he cannot be charged for a breach of his promise by changing the form of the action. In this case the claim of the plaintiffs arises out of representations made on the sale, which were substantially part of the contract of sale. And false representations made by an infant at the time of his contract, are regarded as so far part of it, that he may set up his infancy as a defence. But if the tort is subsequent to the contract, and not a mere breach of it, but a distinct, wilful and positive wrong of itself, then, although it may be connected with a contract, the infant is liable. *Fitz* v. *Hall,* 9 N. H. 445.

In *Green* v. *Greenbank*, 2 C. Marshall 485, it was held that infancy was a good defence to case for falsely warranting a horse to be sound. We think that the plea of infancy is a good defence to this action, and that judgment must be rendered for the defendant, George R. Norris, on the verdict finding the issue on that plea in his favor.

The Court are not able to see how the fact would be at all material, whether one half of the other goods, not embraced in the sale of the goods in cellar, were paid for in cash at the time of the sale, or only one quarter in cash and the remainder in notes. The question on this part of the case was, whether there was a deceit and false warranty in the sale of the rum and the pork. On his cross-examination a witness for the plaintiffs stated that the goods above were sold half for cash and half on credit. There is nothing in the case from which we have been able to discover how the evidence could be material; and the evidence not being material, it was not material to contradict it. Besides, the witness, as we understand the case, when recalled, by a correction of his testimony made it to agree with the receipt which was offered by the defendants. We think the verdict is not to be disturbed by the ruling of the Court rejecting the receipt. *Wiggin* v. *Damrell*, 4 N. H. 69.

The sale of the pork and spirits was an entire contract, and if in any part illegal was void as to the guilty party. The allegation of the declaration is in substance that on the sale the defendant falsely warranted the quality of the gin and the quality of the pork. The deceit and false warranty are alleged to have been in the sale ; and the claim of the plaintiffs, though the form of the action is in tort, arises out of the contract. *Green* v. *Greenbank*, 2 C. Marshall 485.

The liquors being sold without license, the sellers were guilty under the statute of an offence punishable by fine, and they could maintain no action on the contract. If the buyers were *in pari delicto*, this action cannot be supported.

The statute does not punish the buyer ; he is not guilty of the statutory offence ; the unlicensed sale of spirituous liquors is not

*malum in se*, and the buyer is not *in pari delicto*, unless, perhaps, in a case where he buys with notice that the sale is without license, and thus concurs in the commission of the offence.

The sale might be with license, and in that case would be legal. In the absence of all evidence, the buyer cannot be presumed to know that the seller is committing a crime, and no evidence in this case was given on that point. *Bloxsome*, v. *Williams*, 3 B. & C. 232; *Favor* v. *Philbrook*, 7 N. H. 326. We must, therefore, take it upon this case that the plaintiffs bought the spirits without notice or knowledge that they were sold in violation of the law; they cannot, therefore, be regarded as *participes criminis*, and are not *in pari delicto*.

*Bloxsome* v. *Williams* would seem to be very directly in point. The action in that case was assumpsit for breach of the warranty of a horse. The defence set up was that the defendant sold the horse on Sunday, in the exercise of his ordinary calling, in violation of the statute. But the court held that, in the absence of evidence, it was not to be presumed that the plaintiff had notice that the defendant was a horse dealer, and the sale consequently made in the prosecution of his ordinary calling; that without such notice the plaintiff would not be *in pari delicto*, and might recover.

It is by no means clear that the plaintiffs, even if they had known that the defendants had no license, would be held to have shared in the offence in a way to prevent them from recovering in this action. There is a class of cases in which a statutory penalty is imposed upon one party to an illegal transaction for the purpose of protecting the other party, as in the case of usury, and of the unlawful sale of lottery tickets. In such cases the law does not look upon the parties as standing *in pari delicto*, and the innocent party is not prevented, by his share in the transaction, from recovering for any injury he has suffered growing out of it. It may be found, when it shall become necessary to decide the question, that the law which punishes the unlicensed vendor of spirituous liquor belongs to this class. *Browning* v.

*Morris,* Cowper 792 ; *Smith* v. *Bromley,* Douglas 696, (note ;)
*Jaques* v. *Golightly,* 2 Wm. Blackstone 1073.
*Judgment on the verdict against Dudley Norris. Judgment
on his plea of infancy, for George R. Norris.*